Filed 5/13/13  P. v. Smith CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES ROGERS SMITH,<br><br>    Defendant and Appellant. | B245432<br><br>(Los Angeles County<br>Super. Ct. No. GA070331) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Candace Beason, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant, James Rogers Smith, guilty of willful, deliberate and premeditated attempted murder (Pen. Code, §§ 664 & 187, subd. (a)), committed for the benefit of, at the direction of or in association with a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)(C)) and during which he personally used a firearm (Pen. Code, § 12022.53, subds. (b) & (c)), possession of a firearm by a felon (former Pen. Code, § 12021, subd. (a)(1)) and evading a police officer with a willful disregard for the safety of persons or property (Veh. Code, § 2800.2, subd. (a)). The trial court sentenced Smith to a term of 37 years-to-life in prison. Smith appealed from the judgment and filed a petition for writ of habeas corpus. This court consolidated the petition with the appeal and, in an opinion filed April 11, 2011 (*People v. Smith* (B217167, B226570) [nonpub. opn.]), determined that the trial court's failure to properly instruct the jury on the alleged gang allegation "require[d] reversal and remand on that ground only." With regard to Smith's remaining contentions, this court held there was no error or that any error which occurred had been harmless.

On remand, the trial court noted that this court had reversed the gang allegation and indicated that, under the circumstances, sentence would not be imposed "in that regard." The trial court, however, imposed a term of 37 years in prison. Smith's counsel filed a motion for reconsideration of the sentence and the trial court granted it. At the second resentencing, held on October 10, 2012, the trial court imposed a total term of 27 years-to-life in prison. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts.*[1]

At approximately 4:00 a.m. on July 13, 2007, Ruben Wardlaw, a member of the Pasadena Denver Lane Bloods gang, was standing outside the Community Arms Apartments on Orange Grove in Pasadena. Wardlaw was wearing burgundy colored shoes and, although it was covered by his white shirt, a red belt. A white Chevrolet

---

[1] The facts have been summarized from this court's opinion filed April 11, 2011 (*People v. Smith*, *supra*, B217167, B226570).

Impala drove past Wardlaw, then turned around. Fearful that something was about to happen, Wardlaw hid behind a gate. However, as the Impala drove past him the second time, the driver, Smith, fired gunshots at Wardlaw. Although Wardlaw was not injured, bullets tore his shoe and jeans. A metal pole that Wardlaw had been standing behind had a bullet "strike mark" and bullet fragments were found below the pole. Shell casings were also recovered from the site.

As police officers were talking to Wardlaw, Smith again drove the Impala down Orange Grove. Wardlaw informed the officers that that was the car from which the shots had been fired. Smith, after making eye contact with one of the police officers, then " 'gunned' " it and drove off. A chase ensued during which Smith drove over 100 miles per hour on the 210 Freeway as he was being followed by black and white patrol cars with their sirens on. Smith eventually pulled to the side of the road and parked. He was apprehended as he walked away from the car, with the keys to the Impala "on him." A search of the Impala revealed a bullet casing on the floorboard in front of the driver's seat.

At approximately 4:25 a.m. on that same day, Mike Statt was asleep in his truck, which was parked on the side of the 210 Freeway. He heard a "big bang," as if something had hit the truck, and police cars drive by with their sirens on. When he looked outside, Statt found a gun, a gun clip and spring, and a bullet. He gave the items to police who discovered a "spent casing in the gun's ejector port."

Wardlaw, who indicated that he was not a "snitch," refused to go to a field showup to identify Smith and, at trial, claimed he did not recognize Smith.

After he was taken into custody, Smith made two incriminating telephone calls. During the first call, he indicated that he had been the only one in the car and that the police had evidence, including "gun, casings [and the] car," which they could use against him. In another call, Smith stated that he hoped he could "get the charges dropped to a lesser" crime, but that the "trucker . . . on the freeway" found the gun.

A firearms identification expert examined the gun, a Hi-Point semiautomatic pistol recovered from the 210 Freeway, along with two shell casings recovered from the site of

3

the shooting and the casing found in the Impala. The expert's tests indicated that the casings had been fired from the Hi-Point gun.

While Smith was at the station, Ted Hamm, a scent hound handler for the Los Angeles County Sheriff's Department, used a "Scent Transfer Unit" to transfer scent from the nine-millimeter handgun to a gauze pad. A scent dog, Bojangles, smelled the pad, then led Hamm through the station "to the room in which Smith was being held and 'alerted' to Smith."

With regard to Smith's gang affiliation, there was evidence that the Pasadena Denver Lanes gang, to which Wardlaw belonged, was a rival of the Altadena Block Crips gang, to which Smith belonged. One of the detectives investigating the matter based his conclusion that Smith was a gang member on several factors, including that at the time of his arrest Smith had in his possession the prison address of the most notorious Altadena Block Crip member and a photograph of a dead Altadena Block Crip. In addition, other detectives who had personally spoken to Smith, Smith's girlfriend and a confidential informant had all indicated that Smith had admitted to them that he was a gang member. Finally, after being "given a hypothetical based on the facts of this case," one of the investigating detectives indicated that "it was his opinion that shooting at Wardlaw benefitted the Altadena Block Crips[] because the crime created fear in the community[] and [the] shooting . . . showed a willingness to retaliate" for incidents involving rival gangs.

2. *Procedural history.*

In an information filed on September 11, 2007, Smith was charged with willful, deliberate and premeditated attempted murder (Pen. Code, §§ 664 & 187, subd. (a)), committed for the benefit of, at the direction of or in association with a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)(C)) and during which he personally used a firearm (Pen. Code, § 12022.53, subds. (b) & (c)) (count 1), possession of a firearm by a felon (former Pen. Code, § 12021, subd. (a)(1)) (count 2), and evading a police officer with a willful disregard for the safety of persons or property (Veh. Code, § 2800.2, subd. (a)) (count 3). On August 7, 2008, a jury found Smith guilty of all counts and

allegations. On June 18, 2009, after Smith admitted that he had suffered prior convictions and served prior prison terms, the trial court sentenced him to 15 years to life for the attempted murder plus 20 years for the gun enhancement. As to count 2, possession of a firearm by a felon, the trial court stayed imposition of sentence pursuant to Penal Code section 654. For his conviction of count 3, evading an officer, the trial court imposed a term of two years. With regard to Smith's admissions that he had previously suffered convictions for which he served prison terms, the court imposed two 1-year terms pursuant to Penal Code section 667.5, subdivision (b).

Smith appealed from the judgment and filed a petition for a writ of habeas corpus. In his appeal, Smith asserted that the trial court, when instructing the jury on the gang enhancement alleged pursuant to the murder charged in count 1, "confused the offenses supporting the element of 'primary activities of the gang' with the offenses showing a 'pattern of criminal activity.' " Smith contended that this confusion "require[d] a reversal of the true finding on the enhancement." This court agreed that "a reversal and remand [was] necessary." In its disposition, this court stated: "The true finding on the gang enhancement under Penal Code section 186.22, subdivision (b)(1)(C), alleged in count 1 is reversed and remanded for further proceedings. The judgment is otherwise affirmed. The petition for writ of habeas corpus is denied."

At a hearing held on January 26 2012, the trial court resentenced Smith, using count 3 as the base term by imposing the midterm of two years, "running count 1 consecutive to that[] and imposing and staying the time, the midterm[,] on count 2, and imposing and staying the two one-year priors . . . ." In total, the trial court sentenced Smith to 37 years in prison.

On May 31, 2012, Smith's counsel filed a "Motion for Reconsideration of Sentencing." Counsel asserted that Smith's attorney of record had not been notified of the resentencing, that Smith had not been present at the proceedings and that counsel believed "that the [trial] [c]ourt . . . miscalculated the amount of prison time due to the appellate court's decision in [this] case." The trial court granted the motion and set the matter for resentencing on October 10, 2012.

5

On October 10, 2012, the trial court again resentenced Smith. After some discussion regarding errors which had been made at past proceedings, Smith's counsel addressed the trial court and indicated that, although the docket showed that the court had agreed to sentence Smith to 29 years-to-life, counsel believed that, "in [view] of what's happened in the appellate court and all the other problems in the case, that as to count 3, that [the] count [should] run [the term] concurrently, which would knock [the sentence] down [to] 27-to-life. [¶] [Counsel indicated that he believed that,] in the interest of justice, considering everything that has occurred in this case, . . . that would be a fair thing to do . . . ." After hearing the prosecutor's argument urging the trial court to sentence Smith to the originally agreed upon term of 29 years to life, the trial court indicated that it would "accept [defense counsel's] recommendation."

As to count 1, the attempted murder, the trial court imposed a term of 7 years to life, plus 20 years for the firearm allegation. As to count 2, Smith's conviction of possession of a firearm by a felon, the court stayed imposition of sentence pursuant to Penal Code section 654. With regard to count 3, evading a police officer, the trial court imposed a sentence of two years in prison, the term to run concurrently with that imposed for count 1. The court struck the two prison priors and, in total, sentenced Smith to 27 years to life in prison. The trial court awarded Smith presentence custody credit for 1,917 days actually served and 109 days of good time/work time from the initial jail time, for a total of 2,026 days.

The trial court ordered Smith to pay a $200 restitution fine (Pen. Code, § 1202.4, subd. (b)), a suspended $200 parole revocation restitution fine (Pen. Code, § 1202.45), a $60 court security fee (Pen. Code, § 1465.8), a $90 criminal conviction assessment and a $10 court construction fee. The court then ordered that an amended abstract of judgment be prepared and forwarded to the Department of Corrections and Rehabilitation.

Smith filed a timely notice of appeal on November 20, 2012.

**CONTENTIONS**

After examination of the record, counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed March 1, 2013, the clerk of this court advised Smith to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. No response has been received to date.

**REVIEW ON APPEAL**

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KLEIN, P. J.

CROSKEY, J.

7